76,062-03

July 9, 2015

Armando Madrid 1425800
James A. Lynaugh Unit
1098 S. Highway 2037
Fort Stockton, Texas 79735

Honorable Abel Acosta, Clerk
Texas Court of Criminal Appeals
P. O. Box 12508, Capitol Station
Austin, Texas 78711-2508

Re:  Objections to Habeas Court's Findings
of Fact and Conclusions of Law, pursuant
to Tex. R. App. Proc. 73.4(b)(2).

Dear Clerk:

Enclosed please find Applicant's Objections as stated above as well as the following items which the trial court may not have forwarded you or may not forward you.  Please put these items in the habeas record for the Court's consideration.

Your assistance in this matter is greatly appreciated.

Sincerely,

Armando Madrid
Applicant Pro Se

cc: file

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 13 2015

Abel Acosta, Clerk

No. WR-79,062-03

Cause No. 4079-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | 109TH JUDICIAL DISTRICT |
| ARMANDO MADRID | § | ANDREWS COUNTY, TEXAS |

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 13 2015

Abel Acosta, Clerk

## APPLICANT'S OBJECTIONS TO THE HABEAS COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Armando Madrid, Applicant, pro se, by and through Petitioner, David Lightfoot Hernández, pro se, hereinafter styled: "Petitioner," and respectfully files these objections to the habeas court's findings of fact and conclusions of law, and would respectfully show the Honorable Court the following:

### I.

### BACKGROUND

1. On March 24, 2015, Applicant, Armando Madrid, hereinafter styled: "Applicant," mail-filed his Art. 11.07 writ application to the Clerk of the 109th Judicial District Court of Andrews County, Texas, along with Memorandum of Law in Support and Affidavit of Fact in support, to include Criminal Docket of Cause No. 4079; Indictment in Cause No. 4709; and Judgment of Plea of Guilty in Cause No. 4079.

2. The 109th District Court forwarded Applicant's writ application to the Court of Criminal Appeals without making any findings of fact nor conclusions of law and the Court of Criminal Appeals pursuant to an Order filed on June 8, 2015, ordered the trial court to make findings of fact and conclusions of law, hold an evidentiary hearing, obtain affidavit(s) from trial counsel explaining his trial strategy, or do whatever else is necessary to resolve all controverted facts at issue in this habeas action.

3. Applicant received the Findings of Fact and Conclusions of

1-Objections

Law on July 3, 2015, from the Lynaugh Unit Mailroom personnel. Pursuant to Rule 73.4(b)(2), Tex. R. App. Proc., these objections are timely if mailed or filed with the District Clerk of the 109th Judicial District Court of Andrews County, Texas by July 13, 2015.

## II.
## GENERAL OBJECTIONS

4. Applicant's habeas corpus application states facts which, if true, would entitle him to relief. Applicant would show that the habeas court's findings of fact and conclusions of law are not based on live testimony taken at an evidentiary hearing, despite disputed fact issues which were more appropriately resolved through such a forum, especially given the time under consideration.

5. Any findings made without a live evidentiary hearing necessarily requires credibility determinations made upon evidence taken without confrontation and/or cross examination and without judicial observation attendant to that choice. Credibility choices made without live examination but, instead upon prior judicial or legal relationships, acts to insulate those, who routinely practice before the trial court and create a non-level playing field. It is for this reason that the credibility choices, and all findings and conclusions which rest, even in part, upon such flawed credibility choices, must be re-examined. In that the entirety of the findings entered by this Court, except for those factual findings supported by the record, rest upon the credibility choices made without resort to live evidence, or even an affidavit from trial counsel, and Applicant objects generally to all.

6. All findings of fact and conclusions of law rely on facts which elude the main issue, that being trial counsel's failure to invoke the affirmative defense of statute of limitations in a case which obviously was **over two years** beyond said statute of limitations. No affidavit from trial counsel was produced because trial counsel is suddenly a victim of selective Alzheimer's and allegedly the transcripts of the case can't be found. This is a case involving an issue of **time** not testimony or other evidence contained in any record of the Court save the charging instrument and arrest record. These records, the Court alleges are available from the Court.

2-Objections

## III.
## SPECIFIC OBJECTIONS
### Findings Related to the Court's Contentions

7. Applicant objects to Findings of Fact at III of the State's Findings of Fact and Conclusions of Law, where the State contends that "Cause No. 3744, was indicted as a Third Degree Felony and Cause No. 3744, was indicted as a Second Degree Felony." It was either one or the other, but not both.

8. Applicant agrees with the State that Cause No. 3744 was never prosecuted and that the District Attorney **dismissed** Cause No. 3744 on or about July 1, 2002. Dismissal was filed into record on July 3, 2002 and there are no court records to indicate any activity in this matter until it was dismissed on or about July 1, 2002.

9. What Applicant would like this Court and the Court of Criminal Appeals to take Judicial Notice of is Indictment in Cause No. 4079 which was generated from the same arrest and/or "events" as were originally cited in the indicted Cause No. 3744. (See State's Findings of Fact and Conclusions of Law at III), contains an Enhancement Paragraph which clearly states: "And it further presented in and to said court that, prior to the commission of the aforesaid offense, on the 25th day of June, 1996, in Cause No. 3744, in the 109th Judicial District Court of Andrews County, Texas the defendant was convicted of the felony offense of Driving While Intoxicated; against the peace and dignity of the State;"

10. Surely the Court can see the problem here! The Cause No. 3744, which the District Attorney **dismissed** on or about July 1, 2002, was **used** to enhance Applicant's charge(s) in Cause No. 4079. This is a fundamental defect, as Applicant was convicted of a Second Degree Felony Driving While Intoxicated charge relying on a **void dismissed** charge to **enhance** Applicant's charge(s). (See Indictment in Cause No. 4079, attached).

11. The State correctly cites that Applicant was originally indicted under Cause No. 3744, for an alleged crime committed on or about October 25, 1998. Driving While Intoxicated as a crime has a three (3) year statute of limitations. See Art. 12.01 TCCP.

3-Objections

12. The State has until October 24, 2001 to convict Applicant of the crime for which he was arrested and charged, or even if going by the indictment date, November 11, 2001, or Applicant could lawfully invoke the affirmative defense of statute of limitations bar.

13. Trial counsel, the Honorable Michael McLeaish, should have had a full command of the facts and the law to know that advising his client, the Applicant, to enter into a 5-year plea bargain, over 2 years after the statute of limitations in this case had run out is just ludicrous and cannot be deemed as sound trial strategy. There is no reasonable explanation that trial counsel can come up with to explain away his selling out of the Applicant to the State or "attorning" of the Applicant to the State when Applicant could have simply walked due to the State's failure to prosecute the case before October 24, 2001 or even November 11, 2001.

14. To add insult to injury, trial counsel didn't even catch the gross error of allowing Applicant to enter a plea of guilty to an Indictment that contained a void enhancement, as Cause No. 3744, had been dismissed by the prosecution on or about July 1, 2002.

15. The State may claim that Applicant "voluntarily" entered a plea of guilty in Cause No. 4079, but the fact remains that trial counsel should not have even allowed for Applicant to enter any plea of guilt when he knew or should have known the statute of limitations had run out on Cause No. 4079. But for trial counsel's unprofessional errors, there is a reasonable probability the outcome of the proceeding would have been different.

16. How the Court can stand in the midst of such clear and convincing evidence of ineffective assistance of trial counsel and even defend said attorney shows the lack of respect to the Oath of Affirmation taken by trial officials as they have sworn to God!

17. As for the claim that trial counsel is an attorney with many years of experience in criminal law, this, in and of itself, ought to be sufficient to damn said attorney for failing or refusing to protect the rights of his client and present every viable defense under the law to ensure his client gets the best defense possible.

18. To simply raise the claim that attorney McLeaish has no recollection of this case and has no records that may refresh his memory, a simple calendar would suffice. Surely this attorney can

4-Objections

count to 5!  Once the statute of limitations of three (3) years passed and the case became ripe for affirmative defense of statute of limitations bar, trial counsel had no business making any deal with the prosecutor concerning Applicant's case.  The fact that allegedly no transcripts exist in this matter and no other records, other than court filed documents, the **ONLY** document the Court needs is the Findings of Fact and Conclusions of Law or the Indictment/Judgment on Plea of Guilty, which both show Date of Judgment **January 7, 2003** and Date Offense Committed **October 25, 1998.**  A 25¢ Calendar is all one needs to see that trial counsel Michael McLeaish needs to have his license suspended if not revoked!  See Findings of Fact and Conclusions of Law at IV and VII.

19.  On January 7, 2003, the State did confer upon the Applicant the benefits of a plea bargain, which the State **knew** was being made to someone who is not well-versed in law, and the State relied on trial counsel to **attorn** the Applicant despite the statute of limitations in this case had **expired** some 2 years and 2 months before Applicant stood before the trial court to accept this plea bargain of five (5) Years being promised to have his truck returned to him, which the City had impounded in 1998, and a promise to give him 297 days of jail-time credits toward that 5-year plea deal.

20.  At IX, the State tries to justify the unjust act of making a plea deal with the Applicant despite the expiration of the statute of limitations by claiming that once a defendant accepts an agreement, he can not then complain when the court complies with his request, citing **State v. Yount**, 854 S.W.2d 6, 9 (Tex.Crim.App. 1991); **Ex parte Shoe**, 137 S.W.3d 100 (Tex.Crim.App. 2004). No agreement can be binding when fraud and/or violations of constitutional **rights** occur.  The State's silence regarding the statute of limitations bar is acquiescence to fraud upon the Court.  Whatever happened to Art. 2.01 TCCP, which commands prosecutors not to secrete witnesses or other evidence by suppressing facts capable of establishing the innocence of the accused?

21.  Finally, at X, the State attempts to invoke the affirmative defense of the Doctrine of Laches, stating that the State will be prejudiced by petitioner's twelve year delay in filing the petition, and petitioner has not acted with reasonable diligence.

5-Objections

22. First of all, **Ex parte Carrio**, 992 S.W.2d 166, 168 (Tex.Crim. App. 1999) **does not exist!** Secondly, laches is an equitable doctrine and cannot be used to reward inequitable conduct nor to defeat justice. **Hooks v. Brown**, 348 S.W.2d 104, ref. n.r.e. (Tex. Civ.App.-Austin 1961). "Defense of laches may be invoked only when enforcement of right asserted would work injustice." **Magnolia Petroleum Co. v. Railroad Commission of Texas**, 90 S.W.2d 659, modified 96 S.W.2d 273, 128 Tex. 189 (Tex.Civ.App.-Amarillo 1936).

23. The burden is on the party raising the defense of laches to show that Applicant's delay works disadvantage to another which changes the original position and creates a condition which cannot be returned to its former state. This case has nothing to do with witnesses, testimony, evidence, tangible or otherwise, transcripts, or any other thing other than "TIME" to support Applicant's contention that trial counsel was ineffective in allowing for him to plea guilty to an offense which was "dead" and could have been dismissed through invocation of the affirmative defense of statute of limitations bar. Any claim that the State suffered or is going to suffer prejudice for Applicant's delay in filing this writ application cannot be sustained when nothing has been lost due to the time delay. Trial counsel's selective Alzheimer's does in no way affect **"TIME"** as a continuum and therefore any claim by the State that Applicant should be barred from presenting his claims before this Court or the Court of Criminal Appeals is unpersuasive.

## IV.
## CONCLUSION

24. Applicant alleges facts which if true, would entitle him to habeas corpus relief, he should have been provided with an opportunity to prove his allegations and an affidavit from trial counsel, in the very least, explaining his trial strategy in advising Applicant to take a 5-year plea deal over 2 years **after** the statute of limitations in the case had run out. The habeas court's findings of fact and conclusions of law are not supported by facts or law, and only serve to demonstrate the need for an evidentiary hearing.

25. Applicant feels the issue of the statute of limitations bar and trial counsel's ineffectiveness in failing to preserve it is

trial counsel's ineffectiveness in failing to preserve it is clearly founded in the habeas record, despite trial counsel's lack of affidavit in support of his trial strategy.

## V.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Applicant, by and through Petitioner, David Lightfoot Hernández, respectfully prays that the habeas court will withdraw its findings of fact, and instead find that Applicant has alleged facts and provided evidentiary support for those alleged facts and allegations, and that there exists no unresolved facts material the legality of applicant's confinement which need to be resolved, as Applicant has shown he is unlawfully restrained of his liberty due to trial counsel's ineffective assistance, and that Applicant is entitled to the habeas corpus relief he seeks.

Respectfully Submitted,

*Armando Madrid.*

Armando Madrid #1425800
James A. Lynaugh Unit
1098, South Hwy 2037
Ft. Stockton, Tx 79735

## DECLARATION

I, David Lightfoot Hernández, Petitioner, being presently incarcerated at the James A. Lynaugh Unit and preparer or this foregoing Objections on behalf of Armando Madrid, Applicant, do hereby declare under penalty of perjury that the foregoing facts are true and correct.

*David Lightfoot Hernández*

David Lightfoot Hernández
458230, James A. Lynaugh Unit
1098, South Hwy 2037
Fort Stockton, Tx 79735
*Without Prejudice,* UCC 1-207

7-Objections

## CERTIFICATE OF SERVICE

I, Armando Madrid, certify that a true and correct copy of the foregoing Objections was sent to the Honorable Martin B. Muncy, 109th Judicial Court Judge by placing the same in a postage prepaid envelope and putting it in the U.S. Mail addressed as follows:

Honorable Martin B. Muncy, District Court Judge
109th Judicial District Court of Andrews County, Texas
Andrews County Courthouse
201 N. Main Street, Room 201
Andrews, Texas 79714
(432) 524-1419 FAX (432) 524-2272


*Armando Madrid*
Armando Madrid
Applicant Pro Se

8-Objections

# APPENDIX

ITEM                                                                PAGE(S)

1.  Affidavit of Fact of Armando Madrid . . . . . . . . .   1 - 3

2.  Indictments in Case Nos. 4715 and 4716. . . . . . .   1 - 2

3.  Criminal Docket of Case No. 4709 (DWI, 3rd En, F2).   1 - 2

4.  Indictment in Case No. 4709 (DWI, 3rd, Enhanced, F2)  1

5.  Judgment on Plea of Guilty, Case No. 4709 . . . . .   1 - 6

Appendix

X-Objections

STATE OF TEXAS                              §

                                            §

COUNTY OF PECOS                             §


### AFFIDAVIT OF FACT OF ARMANDO MADRID


My name is Armando Madrid, SS³ last 4 digits 4393, I am over 18 years of age and able to make this affidavit of fact based on personal knowledge of the facts stated herein.

1. I am currently incarcerated at the James A. Lynaugh Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, TDCJ-ID, located at 1098 S. Highway 2037, Fort Stockton, Pecos County, Texas 79735.

2. I attest that on or about October 25, 1998, at approximately 10:00 p.m., I was called on the phone by my cousin, Jorge, telling me to come pick him up at the Collision Bodyshop on Broadway Ave. in Andrews, Texas.

3. I was parked on private property at that parking lot of the Collision Bodyshop near the back door. I was out of my truck waiting for my cousin to show up and suddenly a police officer arrived and asked me what I was doing and I told him I was waiting for my cousin. He then asked me if I had been drinking. I replied, "No."

4. I did tell the officer that I had taken some Nyquil because I had been sick with a cold. He made me do a field sobriety test by making me walk toe-to-toe and then he had me count from 1 to 100 and then count from 1 to 100 backwards. I have an injury on my left knee which makes it difficult for me to walk.

5. After I started counting from 100 to 1, I told him I couldn't do it and doubted if he could. He told me to place my hands behind my back and I was arrested for driving while intoxicated. This officer, nor anyone else saw me operate a motor vehicle in a public place and there was no evidence I was intoxicated to warrant my arrest for driving while intoxicated.

6. My truck was inventoried and impounded and I was taken to the police station. I was held there about 2 hours and they prepared to


Affidavit of Fact                                    page 1

give me a breathilizer test, but the machine was broken. I was never administered a breathilizer test. The next morning I was taken before a magistrate by a jailer and bond was set at $3,000.00. I was allowed to call Dan Sullivan, a bailbondsman and he came to the jail to bond me out. After speaking with him I found out he was a lawyer also. He said if no one took my case he was willing to represent me on this DWI charge, but that I needed to come up with $2,000.00 up front, so he could get my file(s) from the D.A., John Poole.

7. After about 3 years, I was contacted by Dan Sullivan, my attorney, telling me I had to be in court, and 2 weeks passed by and when I showed up in court they postponed the trial for six months.

8. After six months, my attorney Dan Sullivan sent me another letter telling me I had to be in court. Dan Sullivan wanted me to take a plea bargain of six (6) years. I told him I was not going to plead guilty and I fired him from my case.

9. The Honorable Judge James L. Rex, called me to the bench and told me that I had two weeks to find another attorney to defend me on the DWI case.

10. When I fired Dan Sullivan as my attorney he also got off my bond and about two months later I was arrested for bail-jumping. A new bond was set of $5,000.00 and I called my mother to help me pay for another lawyer, Michael McLeish, to represent me on the DWI charge.

11. Three days before we get ready to go to court he calls me and tells me to come to his office as he needs to speak to me about my case, and to be "sure to bring the rest of the attorney's fees due."

12. He told me we were going to jury trial so to go out and buy a good-looking suit because we were going to attack and establish a statute of limitations bar in this case, as 3 years had passed since the date of the offense and the time in which to file indictment and prosecute the case. He asked what I thought about that and I told him I was okay with that, since he was my lawyer and knew what he was doing.

13. On January 7, 2003, at about 9:00 a.m., we were getting ready to select a jury when I guess my attorney sold me out to D.A. John Poole, as I was called to speak with my attorney in a single visiting room and he told me that after speaking to the D.A. John Poole, and Judge James L. Rex, that they would give me 297 days credit jail-time

which I had spent in the county jail and also return my truck which had now been at the City Impound Lot for nearly 5 years.

14. Attorney McLeish told me I only had ten (10) minutes to make up my mind. I decided, that since he was not going to help me get the case dismissed for lack of subject matter jurisdiction based on statute of limitations bar, that I would take my losses and handle this matter later. At the time I had no idea I was waiving any type of affirmative defense to statute of limitations bar. Trial counsel should never have allowed such a defense to be waived or forfeited. I took the five (5) year plea deal offered me.

Further affiant sayeth not.

Executed this 24 day of March, 2015 in Fort Stockton, Pecos County, Texas.

*Armando Madrid*

Armando Madrid - Affiant Pro Se


DECLARATION


Pursuant to Title 6 of the Texas Civil Practice and Remedies Code, §132.001, I, Armando Madrid, TDCJ-CID #1425800, being presently incarcerated at the James A. Lynaugh Unit of TDCJ-CID, declare under penalty of perjury that the foregoing facts are true and correct.

*Armando Madrid*

Armando Madrid

The State of Texas vs. __Armando Madrid__

Cause No. __4715__ Date Indicted __7/22/05__ Bond Amount __30,000__

Felony Charge: __Indecency with Child- Sexual Contact §21.11(a)(1) PC  36010001  F* Habitual Offender__

In the 109th Judicial District Court of Andrews County, Texas

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized GRAND JURY of Andrews County, Texas, presents in the District Court of Andrews County, Texas, that in Andrews County, Texas, Armando Madrid, hereinafter styled Defendant, heretofore on or about the 2nd day of July, 2005, did then and there with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly engage in sexual contact with ME89 by touching the genitals of ME89, a child younger than 17 years and not the spouse of the defendant;

COUNT TWO

And the Grand Jurors aforesaid do further present in said Court that in said County and State, heretofore on or about the 2nd day of July, 2005, did then and there with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly engage in sexual contact with ME89 by touching the breast of ME89, a child younger than 17 years and not the spouse of the defendant;    And the Grand Jurors aforesaid do further present that all the offenses alleged above arose out of the same criminal episode;

ENHANCEMENT PARAGRAPHS

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 25th day of June, 1996, in cause number 3264 in the 109th Judicial District Court of Andrews County, Texas, the defendant was convicted of the felony offense of Driving While Intoxicated third or more.

And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 3264 was final, the defendant committed the felony offense of Driving While Intoxicated third or more and was convicted on the 7th day of January, 2003, in cause number 4079 in the 109th Judicial District Court of Andrews County, Texas.

against the peace and dignity of the State.

_Lynn Crow_
Foreman of the Grand Jury

CYNTHIA JONES
DISTRICT CLERK- ANDREWS COUNTY
DEPUTY

FILED
2005 JUL 22 PM 1: 07

The State of Texas vs. __Armando Madrid__

Cause No. __4716__ Date Indicted __7/22/05__ Bond Amount __30000__

Felony Charge: __Sexual Assault - Child §22.011(a)(2) 11990002 F* Habitual Offender__

In the 109th Judicial District Court of Andrews County, Texas

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized GRAND JURY of Andrews County, Texas, presents in the District Court of Andrews County, Texas, that in Andrews County, Texas, Armando Madrid, hereinafter styled Defendant, heretofore on or about the 2nd day of July, 2005, did then and there intentionally or knowingly cause the penetration of the sexual organ of ME89, a child who was then and there younger than 17 years of age and not the spouse of the defendant, by defendant's sexual organ;

ENHANCEMENT PARAGRAPHS

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 25th day of June, 1996, in cause number 3264 in the 109th Judicial District Court of Andrews County, Texas, the defendant was convicted of the felony offense of Driving While Intoxicated third or more.

And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 3264 was final, the defendant committed the felony offense of Driving While Intoxicated third or more and was convicted on the 7th day of January, 2003, in cause number 4079 in the 109th Judicial District Court of Andrews County, Texas.

against the peace and dignity of the State.

_Lynn Crow_
Foreman of the Grand Jury

On the 11Th day of APrial 2007.
Reporter's Record
Volume 3 of 3 Volumes.
Jury Trial Court Trancription.

Page: 75 Voulme 3 of 3 Volumes.

Line: 4 Enhancement Counts of the Indictments
Line: 6 Cause NO: 4715.
Line: 9 Primary offense, on the 25Th day of June, 1996 in Cause NO.
Line: 10 3264 in the 109th Judicial Court of Andrews County, Texas, the
Line: 11 Defendant was Convicted of a Felony offense Driving While
Line: 12 Intoxiction,
Line: 15 Conviction of Cause NO: 3264, Was Final,
Line: 17 and Was Convicted on the 7th day of January 2003, in Case no.
Line: 18 4079, in the 109Th Judicial District Court of Andrews County.
Line: 21 Cause NO. 4716.
Line: 24 Styled the Primary offense on the 25th day of June, 1996. in Cause NO
Line: 25 Cause NO 3264, in the 109th Judicial District Court of Andrews County

Page: 76 Voulme 3 of 3 Volumes,
Line: 3 Cause NO. 3264, Was Final
Line: 5 Convicted on the 7th day of January, 2003 iN Cause NO. 4079.
Line: 8 Signed by the ForePerson of the Grand Jury.
Line: 9 The Court: To the Allegations in the
Line: 10 Enhancement Counts how do you Plead Mr Madrid? True or Not Ture.

Next Page

Same Page 76 – Volume 3-of-3-Volumes

Line 11. True.
Line 12. BY MR. MADRID: on the D.W.I.
Line 13. THE Court: Yes the Enhancements.
Line 14. MR. MADRID: That's True. Sir.

Page 77 – Volume 3-of-3-Volumes.

Line 1 (State's Case-in Chief on Punishment)
Line 2 BY DA. mr PooL: Your Honor. at this time. I. ll
Line 3 Tender State's, and they, recertified Judgment.
Line 4 and Sentences of the Defendant's (2) Two Prior
as alleged in the
Line 5 Enhancement.
Line 6 Defense Attorney Mr Robert Leahey: NO ObJection
Line 7 THE Court: OKay Admitted.
Line 8 DA. MR. PooL: State Rests.
Line 9 (DEFENDANT'S Case-iN Chief on Punishment.

Sincerely Submitted.
Armando Madrid.
Defendant. Pro se.

# CRIMINAL DOCKET

### No. 4079

372   BEAR GRAPHICS, INC.

| Number of Case | STYLE OF CASE | | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|
| | | | | | Month | Day | Year |
| 4079 | THE STATE OF TEXAS vs. | | John Pool   State | DRIVING WHILE INTOXICATED 3RD OFFENSE - ENHANCED F2 | 6 | 24 | 2002 |
| | | | | Information, Index or Indictment | | | |

**FEE BOOK**

| Vol. | Page |
|---|---|
| | |

**ARMANDO MADRID**

Defendant

| DATE OF ORDERS | | | Was Stenographer Used? | ORDERS OF COURT | WITNESSES |
|---|---|---|---|---|---|
| Month | Day | Year | | | |

| Minute Book | |
|---|---|
| Vol. | Page |

BOND SET: $3,000.00
BOND FILED: 8/7/2002
PRINCIPAL: ARMANDO MADRID
115 NW AVE F
ANDREWS, TX 79714

SURETY: ASAP BAIL BONDS
PO BOX 577
ANDREWS, TX 79714

CAPIAS & PRECEPT
ISSUED: 6/25/2002
FILED: 8/7/2002

6/24/2002 Filing Indictment - Copy To John Pool, Adult Probation, Sheriff's Office, C/C To Sheriff's Office For Defendant
6/27/02 Filing Judge James L Rex Letter Referencing 8/6/02 Hearing Date
7/5/02 Filing Judge James L Rex Letter Referencing Jury Trial-July 16,2002
7/12/02 Filing Judge James L Rex Letter Referenc-
7/16/02 Filing Application For Subpoena
7/11/02 Issuing (3) Subpoenas
7/11/02 Filing Subpoena-7/11/02-Barry Hughes-SERVED
9/17/02 Filing Judge James L Rex Trial Docket for October 1,2002
9/24/2002 Filing Application For 3 Subpoena's
9/25/02 Filing Subpoena-Cheryl Ochoa-SERVED
9/27/02 Filing Subpoena/Barry Hughes-SERVED
10/3/2002 Filing District Judge...

CRIMINAL DOCKET.

No. 4074

v. No.

<table>
<thead>
<tr><th colspan="3">Date of Orders</th><th rowspan="2">ORDERS OF COURT</th><th colspan="2">Vol. Minute Book</th><th rowspan="2">WITNESSES</th></tr>
<tr><th>Month</th><th>Day</th><th>Year</th><th>Vol.</th><th>Page</th></tr>
</thead>
<tbody>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>10/4/02 Filing Attorney Michael McLeaish Letter to Judge James L Rex-9/26/02</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>10/10/02 Filing Subpoena-9/24/02-Paul Boothe-RETURNED UN-SERVED</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>12/9/02 Filing State's List of Witnesses</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>12/9/02 Filing Application for Subpoena</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>12/9/02 Issuing 3 Subpoena's</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>12/11/2002 Filing Subpoena's</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>12/11/2002 Filing Subpoena - SERVED - Barry Hughes</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>1/7/03 Filing Subpoena - SERVED - Cheryl Ochoa</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>1/7/03 Filing Judgment on Plea of Guilty-Copy to John Pool, Adult Probation, Sheriff's Office, C/C to Sheriff's Office for Defendant, C/c to Sheriff's Office for TDC Facility, Copy to Attorney McLeaish</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>12/7/03 Filing Defendant's Written Stipulations and Waivers- Copy to John Pool</td></tr>
<tr><td></td><td></td><td></td><td></td><td></td><td></td><td>12/7/03 Filing Waiver of Right to Appeal, Waiver of Right To File a Motion For New Trial, Waiver of Right To File Motion In Arrest of Judgment-Copy to John Pool</td></tr>
</tbody>
</table>

*Indictment. Cause No: 4079.*

The State of Texas vs. __Armando Madrid__

Cause No. __4079__          Date Indicted __6-24-02__          Bond Amount __3,000.00__

Felony Charge: __Driving While Intoxicated - 3rd Offense §49.09 F2  Enhanced Repeat Felony Offender__

In the 109th Judicial District Court of Andrews County, Texas

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized GRAND JURY of Andrews County, Texas, presents in the District Court of Andrews County, Texas, that in Andrews County, Texas, Armando Madrid, hereinafter styled Defendant, heretofore on or about the 25th day of October, 1998, did then and there operate a motor vehicle in a public place while the Defendant was intoxicated, namely by not having the normal use of the Defendant's mental or physical faculties by reason of the introduction into the Defendant's body of alcohol, a controlled substance, a drug, a dangerous drug, and a combination of two or more of the substances, and namely, while the said Defendant was intoxicated by having an alcohol concentration of 0.10 or more;

And the Grand Jurors aforesaid do further present that prior to committing the offense alleged above, the said Defendant had been convicted two or more times in this State for driving while intoxicated in a public place, namely, in Cause No. 2641, in a District Court of Ochiltree County, Texas, on the 9th day of January, 1991, and in a County Court of Ochiltree County, Texas, on the 13th day of January, 1987, in Cause No. 12299;

ENHANCEMENT PARAGRAPH

And it is further presented in and to said court that, prior to the commission of the aforesaid offense, on the 25th day of June, 1996, in Cause No. 3744, in the 109th Judicial District Court of Andrews County, Texas the defendant was convicted of the felony offense of Driving While Intoxicated;

against the peace and dignity of the State;

Foreman of the Grand Jury

FILED 02 JUN 24 AM 11:46 CYNTHIA GRAVES DISTRICT CLERK ANDREWS COUNTY DEPUTY

IN The Honorable Court of Criminal APPeals of TEXAS. NO. WR-76,062-03. Cause NO: 4079-A.

1. Respectfully I request, Applicant How on November 12, 1998, I was indicted by the Andrews County, Texas Grand Jury iN Cause NO. 3744.

2. And the Enhancement Paragraph. Cause NO: 4079 Indictment Date Indicted 6-24-2002 ON the 25 Th day of June, 1996. iN Cause NO. 3744 iN the 109Th Judicial District Court of Andrews County of Texas the Defendant was Convicted of the Felony offense of Driving While Intoxicated. When I've been Sent To Prison To Texas Department of Criminal Justice Institutional Division, Sentenced to a Term of imprisonment 3 years on T.D.C.J. ID. # 0753983. On the 25Th day of June, 1996. Cause NO: 3264

3. Please I do Not understand, Cause NO 3744 Was Never Prosecuted. The District Attorney dissmissed Cause NO 3744.

4. (There is a lot of errors of Prosecuted of misconduct Judge's of misconduct, Jury Verdic misconduct, ineffective assistance of Counsel: etc. etc.

5. they are a lot of errors on the Finding of Facts and Conclusions of Law. From the 109Th Judicial District Court. all False issues or Statments of the Case's NOS. and Void Judgment, Void Enhancement. False Indictment.

6. (1) Convicted with wrong Cuase Number, (2) iNdicted with wrong months wrong day wrong year's, Convicted with wrong Cause NO Not even exists, (3) Enhancement with wrong Cause NO: Not even exists, (4) Violation Double Jeopardy aginsted Applicant MADRID: use multiple Times Sames Causes NOS: the Indicted iN Cause NO 3744. The Indictments is False. Cause NO 3744 indicted as a Third Degree and Same Cause NO 3744 Was indicted a Second Degree is the much the Same Double Jeopardy Violation, with the Cause NO Not even exists. etc. etc. etc it is a Plaint Violation.

Armando Madrid. Pro se

Exhibit "A"

Exhibit "B"

# All False Statements, Facts, issues

## Finding of Facts and Conclusions of Law.

1. Applicant on november 12, 1998, Was indicted by the Andrews County, Texas Grand Jury in Cause NO: 3744, a third degree Felony ~~but~~ Punishable by two to ten Years Texas Department Criminal Justice.

2. and Enhancement Paragraph. T.D.C.J#ID "1996" 753983 on the 25th day of June, 1996, in Cause NO: 3744. District Court of Andrews County, Texas I Was convicted of the Felony offense Driving While Intoxicated.

3. "Finding of Facts and Conclusions of Law." Cause NO: 3744 Was never Prosecuted. The District Attorney Dismissed Cause NO: 3744.

4. NO: 3744 The indictments are Very Much the Same with the exception that Cause NO: 3744 Was indicted as a Third Degree Felony and Cause NO: 3744 Was indicted a Second Degree Felony. Concern Double Jeopardy Violation.

5. I Was convicted on Case NO: 4079 Punishment Place of Confinement, Texas Department of Criminal Justice For Five (5) Years. TDCJ, ID.#1150640 Applicant Claim statue of limitations Pass. Bar on Cause #4079 2003

Notice: IN THE Court of Criminal APPeals of Texas. A, Tx

about: Finding of Facts and Conclusions of Law:

From: 109TH Judicial District Court or Clerk of Andrews County, Texas, Courthouse, Andrews, Texas 79714.

all Wrong Conclusion of Law, all False statements Issues, Wrong Finding of Facts and Conclusion of Law. I can Prove With all my Legal Material in this Matter. A.M.

Pro se

Exhibit "C"

On the Finding of facts and Conclusions of Law:
Dear Honorable Court of Criminal Appeals of TEXAS.
NO. WR-79,062-03.
CAUSE NO: 4079-A.

1.

## I

Applicant, on November 12, 1998, I Never was indicted By Grand Jury in Cause NO 3744. it is a False the Indictment.

2.

## II

Cause NO. 3744 Was Never Prosecuted. The District Attorney John Pool, dismissed Cause NO. 3744. I do Not Know any thing about been Indicted by Grand Jury on the Cause NO. 3744, DA John Pool, He never inform me or my Attorney Dan Sullivan the Cause NO. 3744, was or been dismissed, they are a False statement. By the Prosecuted District Attorney John Pool. etc. etc.

3.

## III

Applicant raises a Meritorious double Jeopardy Violation because the District Attorney useing very much the same Cause NO 3744, multiPe Times, Applicant double Jeopardy Claim in a Subsequent application For a Writ of Habeas Corpus Filed Pursuant To Article 11.07, of the Code of Criminal Procedure. Will be grant habeas Corpus relief (See Ex Parte Knipp. 236 S.W.3d 214 Texas Court of Criminal Appeals (2007).

4.(1) Void Indictment, (2) Void Judgment, (3) Void Enhancement. etc. etc.

Sincerely Submitted.
Armando Madrid.
Applicant Pro se.

5. APPlicant on June, 25-1996, I Was Convicted in Cause NO. 3264 in the 109Th Judicial District Court of Andrews County, Texas of the offense of Driving While Intoxicated: APPlicant An Attorney For Defense Was Dan Sullivan. APPlicant it Was sentenced to a term of (3 years) in the Texas Department of Criminal Justice For Cause NO: 3264, June, 25, 1996.

Sincerely Submitted.
Armando Madrid.
APPlicant Pro se.


Armando Madrid.
T.D.C.J. I.D. # 1425800
James A. Lynugh Unit.
1098. S. HWY. 2037.
Fort. Stockton, Texas.
79735

2-of-2. Page.

No. 4079

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 109TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| ARMANDO MADRID | § | ANDREWS COUNTY, TEXAS |

## JUDGMENT ON PLEA OF GUILTY

JUDGE PRESIDING: James L. Rex    DATE OF JUDGMENT  January 7, 2003

ATTORNEY FOR STATE: JOHN L. POOL

ATTORNEY FOR DEFENDANT: Michael McLeaish

OFFENSE CONVICTED OF:  Driving While Intoxicated

PENAL CODE   §49.09

DEGREE: Second        DATE OFFENSE COMMITTED:  October 25, 1998

CHARGING INSTRUMENT: Indictment

PLEA: Guilty

TERMS OF PLEA BARGAIN (IN DETAIL):  five (5)  years TDC and Court Costs

FINDINGS ON ENHANCEMENT:  true

FINDINGS ON DEADLY WEAPON:  none

PUNISHMENT & PLACE OF CONFINEMENT:  five (5) years  TDCJ, ID

DATE SENTENCE IMPOSED:  January 7, 2003    COSTS: $ 326.25

DATE TO COMMENCE: ~~January 7, 2003~~  TIME CREDITED: 250 days
January 21, 2003  at 5:00pm

CONCURRENT UNLESS OTHERWISE SPECIFIED

* * * * * * * * * * * * * *

VOL 36    PAGE 830

On this the _7th day of January, 2003_, the above numbered and entitled cause was called for trial.

The Defendant, _ARMANDO MADRID_, appeared in person and with _Michael McLeaish_, Defendant's attorney. The State appeared by JOHN L. POOL, as prosecuting attorney. The State's attorney, the Defendant, and the Defendant's attorney agreed in writing and in open Court to waive a jury and submit this cause to the Court, and the Court consented to such waiver. The Defendant waived the reading of the indictment and thereupon entered a plea of guilty to the offense of _Driving While Intoxicated_ as charged in the indictment relied upon by the State.

Before accepting such plea, the Court fully admonished the Defendant, according to the requirements of Article 26.13 of the Code of Criminal Procedure of:

The range of punishment attached to the offense to which the Defendant pled guilty;

The fact that the recommendation of the prosecuting attorney as to punishment is not binding on the Court;

The contents of the plea agreement between the State and the Defendant, and the nature and consequences of such agreement, should Defendant consent to it and the Court approve it;

2

The fact that the Defendant would be permitted to withdraw said plea of guilty should the Court reject such agreement, in which event neither the fact that the Defendant had entered a plea of guilty nor any statements made by the Defendant at the hearing on the plea of guilty could be used against the Defendant on the issue of guilt or punishment in any subsequent criminal proceedings;

The fact that if the punishment assessed by the Court should not exceed the punishment recommended by the prosecutor and agreed to by the Defendant and the Defendant's attorney, the trial Court must give its permission to the Defendant before the Defendant may prosecute an appeal on any matter in the case except for matters raised by written motion filed prior to trial; and

The fact that if the Defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

And before accepting said plea, it appeared to the Court, and the Court then so found and does now so find:

That the Defendant at the time of the trial had a sufficient present ability to consult with Defendant's attorney with a reasonable degree of rational understanding, and had a rational as well as factual understanding of the proceed-

ings against the Defendant, who was in all respects mentally competent to stand trial;

That the Defendant was fully aware of the consequences of said plea of guilty;

That the Defendant was fully aware of the Defendant's right to a jury trial, the right to confront and cross-examine the State's witnesses, the right to subpoena witnesses, the right against self-incrimination, and the right to require that the State prove the Defendant's guilt beyond a reasonable doubt as a prerequisite to the Defendant's conviction, all of which rights the Defendant voluntarily, knowingly and intelligently waived; and

That the Defendant's plea of guilty was and is free and voluntary.

After hearing all the evidence submitted by the parties, the Court is of the opinion, and so finds, that the Defendant is guilty as confessed in the Defendant's plea of guilty.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court that the said Defendant is guilty of the offense of _Driving While Intoxicated_, and that said Defendant committed the said offense on _25th day of October, 1998_, as confessed in the Defendant's plea of guilty herein made, and that punishment be fixed, as now determined by the Court, at a fine of _$_____ and confinement in the Texas Department of Criminal Justice, Institutional Division

for a period of _five (5) years_. The Court further finds that said Defendant _did not_ use a deadly weapon during the commission of the offense or during immediate flight therefrom. The Court further finds there was in existence a plea bargaining agreement between the State and the Defendant and that the punishment assessed does not exceed the punishment recommended.

The Court asked the Defendant and attorney if there was any reason why sentence should not be pronounced, and the Court received no reply in bar thereof; whereupon the Court pronounced sentence, in the Defendant's presence, as follows:

IT IS ORDERED by the Court that the said Defendant be delivered by the Sheriff of Andrews County, Texas immediately to the Texas Department of Criminal Justice, Institutional Division where the Defendant shall be confined for a period of _five (5) years_, in accordance with the law governing such department and that the Defendant pay the Clerk of this Court the amount of any fine hereinabove assessed against the Defendant, and in addition thereto, all Court costs of this prosecution.

IT IS FURTHER ORDERED that the Defendant be credited on this sentence with _258 297_ days, which is the actual amount of time spent in custody since the Defendant's arrest as a result of this charge, until the date hereof. The Defendant is remanded to the custody of the Sheriff of Andrews County until Sheriff can obey the directions hereof.

IT IS FURTHER ORDERED that all sums of money paid by or for the Defendant on account of the money assessments hereinabove imposed upon the Defendant, regardless of to whom such sums are delivered, shall be paid and applied first to payment of the Court costs until paid in full, then to the fine, if any, until paid in full, and then to restitution, if any.

SIGNED this the _7th day of January, 2003_ .

_____
Judge Presiding

Fingerprint from
Right thumb
of Defendant

_____
Officer

FILED
03 JAN -7 AM 9:03
DISTRICT CLERK
ANDREWS COUNTY
DEPUTY

6